UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| FIDELITY AND GUARANTY LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD DAHM, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>L 01 CV 2035 |

## MODIFIED CONSENT JUDGMENT

This is an interpleader action brought by Fidelity and Guaranty Life Insurance Company ("F&G Life"), pursuant to 28 U.S.C. §§ 1335, 1397, and 2361, to determine the respective rights of J. G. Wentworth S.S.C., Limited Partnership ("Wentworth"), Ronald Dahm ("Dahm"), and United States Fidelity and Guaranty Company ("USF&G") (collectively the "Interpleader Defendants") to receive payments under F&G Life Annuity Policy No. I501502 (the "Annuity"). USF&G purchased the Annuity to fund its obligation to make periodic payments to Dahm pursuant to a settlement agreement and release between Dahm, Renee Dahm, and USF&G, dated February 24, 1989 (the "Release").

By Order dated July 12, 2001, the Court dismissed F&G Life from the case with prejudice, but providing that F&G Life could seek its attorneys' fees and costs, and ordered the Interpleader Defendants to plead and pursue their claims among themselves in connection with their respective rights and claims to the Annuity payments. The Court finds that the remaining Annuity payments are $50,000 due on July 1, 2004 and $100,000 due on July 2, 2009.

2

All Interpleader Defendants have been properly served with process. Dahm, notwithstanding his being properly served with process, has not appeared in this action, and on January 22, 2002, the Court entered an Order of Default against Dahm.

Upon the joint Motion of Wentworth and USF&G, it is this 30TH day of March, 2002, ORDERED:

1. That Dahm, by virtue of his default in this matter, hereby forfeits any claims that he had or may ever have to the Annuity payments to be made to Wentworth pursuant to this Consent Judgment.

2. That pursuant to the Court's authority under 28 U.S.C. §§ 1651 and 2361, Dahm and anyone claiming any interest derived in any way from Dahm are permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, USF&G and/or Wentworth based upon the Release, the Annuity, the Purchase Agreement dated May 24, 1996 between Dahm and Settlement Capital Corporation, or the Assignment Agreement dated June 26, 1996 between Settlement Capital and Wentworth, and all agreements related thereto (collectively, the "Purchase Agreement").

3. That Wentworth shall be paid $29,166.35 on July 1, 2004 by F & G Life from the Annuity payment when it becomes due.

4. That F & G Life shall retain $1,508.30 of the Annuity payment due July 1, 2004 as its attorneys fees for having brought this case.

5. That the balance of the Annuity funds shall be paid to Dahm.

6. That Wentworth shall indemnify, defend, and hold harmless F&G Life and

2

USF&G from any claim made or action brought by Dahm or any other person (i) for any payments that were due under the Annuity or the Release up to this date; (ii) on account of any Annuity payments that were made to Wentworth, or the Court up to this date; (iii) on account of any Annuity payments that are made Wentworth pursuant to this Consent Judgment; or (iv) for any actions or omissions occurring prior to the date of this Consent Judgment and arising out of or from the Annuity, the Release, or this Action. Wentworth's indemnification shall include all actual attorneys' fees, costs, and expenses incurred by F&G Life and/or USF&G as a consequence of any such claim or action.

7. That F&G Life and USF&G are released from any liability to Wentworth on account of any Annuity payments that F&G Life and/or USF&G may have made to any person or entity prior to the date of this Consent Judgment.

8. That F&G Life and USF&G are released from any liability to Dahm and/or anyone claiming any interest derived in any way from Dahm on account of Annuity payments that F&G Life and/or USF&G might have made to any person or entity prior to the date of this Consent Judgment.

9. That nothing in this Consent Judgment shall preclude F&G Life, USF&G and/or Wentworth from raising any claim or issue that was raised or could have been raised in the present case, except for issues relating directly to the Release, the Annuity, or the Purchase Agreement, in any pending or future case.

10. That Wentworth shall dismiss all garnishment actions and/or proceedings currently pending against F&G Life that seek to garnish payments under the Annuity.

11. That this Court shall retain jurisdiction over this matter to enforce any and all matters relating to this Consent Judgment.

12. The Clerk shall close the case.

/s/ B. Legg
Benson E. Legg, Judge
United States District Court for the
District of Maryland